UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-00231-H

W. CURTIS SHAIN                                                          APPELLANT

V.

TERESA L. BARNETT                                             APPELLEE

**MEMORANDUM OPINION AND ORDER**

This is an appeal from the United States Bankruptcy Court's Order denying W. Curtis Shain's application to proceed *in forma pauperis* and dismissing his adversary proceeding brought against Appellee Teresa L. Barnett. The Honorable David T. Stosberg denied Shain's application to proceed *in forma pauperis* and ordered Appellant to pay the required filing fee in order to pursue his claim. Upon failure to tender payment, Judge Stosberg dismissed Shain's adversary proceeding. For the reasons stated below, this Court affirms the decision of the Bankruptcy Court.

I.

The history of this case is fairly straightforward. Appellant filed an adversary proceeding against Appellee and included within the complaint an application to proceed *in forma pauperis*. The adversary proceeding arose from Appellee's alleged unpaid debt to Cardinal Holdings & Investments, Inc. ("Cardinal"), a corporation of which Appellant was the sole incorporator and agent.

The Bankruptcy Court denied Appellant's application to proceed *in forma pauperis* and ordered Appellant to pay the required filing fee before proceeding. After granting Appellant an

extension to tender payment, denying Appellant's renewed application to proceed *in forma pauperis*, and watching the extended deadline pass without payment of the filing fee, Judge Stosberg dismissed the adversary proceeding.

Shain appeals both the denial of his application to proceed *in forma pauperis* and the dismissal of his adversary proceeding.

II.

This Court hears this appeal pursuant to 28 U.S.C. § 158(a). A district court should not set aside the factual findings of a bankruptcy court "unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr. P. 8013. "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *In re Gasel Transp. Lines, Inc.*, 326 B.R. 683, 685-86 (6th Cir. 2005). A bankruptcy court abuses its discretion only when it relies upon clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard. *Id.* The Appellant has the burden to show factual findings are clearly erroneous. *Lerch v. Fed. Land Bank*, 94 B.R. 998 (N.D. Ill.1989). The legal conclusions of the bankruptcy court are reviewed de novo. *In re Gardner*, 360 F.3d 551, 557 (6th Cir. 2004).

III.

Although the Bankruptcy Court did not exhaustively explain its decision, it's determination was straightforward and just, and it hardly constituted an abuse of discretion. 28 U.S.C. § 1915, which both confers the right and mandates the procedure for proceeding *in forma*

*pauperis*, explicitly applies to "persons." The United States Supreme Court has interpreted "persons" to include "natural persons only," a description which "artificial entities do not fit." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 203 (1993).

Appellant's adversary proceeding against Appellee was based on Appellee's contract with Cardinal, a corporation. Because corporations are not natural persons, they fall outside the purview of 28 U.S.C. § 1915 and are not eligible to proceed *in forma pauperis*. Accordingly, the Bankruptcy Court properly denied Shain's application, since his claim of action purported to assert the rights of a corporation. Upon denial, Appellant's payment of the filing fee was essential to pursue his claim. Since he failed to pay the filing fee, even after receiving an extended deadline, dismissal of the adversary proceeding was proper. For these reasons, it appears the Bankruptcy Court's decision was not an abuse of discretion.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the decision of the Bankruptcy Court is AFFIRMED and this appeal is DISMISSED.

This is a final order.


cc:   Counsel of Record & Bankruptcy Court